Sam M. **CHUDNOVSKY,**
Plaintiff–Appellant,

v.

**LEVITON MANUFACTURING CO., INC., and Al Pilapil,**
Defendants–Appellees.

**No. 02–7695.**

United States Court of Appeals, Second Circuit.

Dec. 13, 2002.

Sam M. Chudnovsky, Rego Park, N.Y. (on submission), for Appellant, pro se.

Donald I. Richenthal, New York, N.Y. (on submission), for Appellees.

PRESENT: Hon. VAN GRAAFEILAND, Hon. CARDAMONE, and Hon. JACOBS, Circuit Judges.

*SUMMARY ORDER*

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO

---

THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 13th day of December, two thousand two.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Plaintiff-appellant Sam M. Chudnovsky appeals from a final judgment of the United States District Court for the Eastern District of New York (Johnson, *J.*) dismissing his complaint as a matter of law and denying his request for additional discovery. In pertinent part, Chudnovsky alleged that his employer, Leviton Manufacturing Company, and his supervisor, Al Pilapil, violated Title VII of the Civil Rights Act by discriminating against him based on his national origin, and by retaliating against him after he filed a complaint with the New York State Department of Human Rights. Chudnovsky also challenges costs.

1. We review the grant of summary judgment *de novo, see Young v. County of Fulton,* 160 F.3d 899, 902 (2d Cir.1998), construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in his favor, *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). For the reasons stated ably in the magistrate judge's Report and Recommendation and the district court's Memorandum and Order, Mr. Chudnovsky failed to establish any genuine issues of material fact.

2. The court did not abuse its discretion in denying further discovery. *See Grady v. Affiliated Central, Inc.,* 130 F.3d 553, 561 (2d Cir.1997). Mr. Chudnovsky had ample opportunity to conduct discovery, and the defendants complied fully with the court's discovery rulings.

3. The district court did not abuse its discretion in declining to review the clerk's allowance of costs. *See Whitfield v. Scully,* 241 F.3d 264, 269 (2d Cir.2001). The Local Rules of the United States District Courts for the Southern and Eastern Districts of New York provide that "[c]osts for depositions are ... taxable if they were used by the court in ruling on a motion for summary judgment." Local Civil Rule 54.1(c)(2). The defendants sought taxation of costs for deposition transcripts submitted to, and referenced by, the court on summary judgment. While "[c]osts will not be taxed during the pendency of any appeal," Local Civil Rule 54.1(a), the defendants requested costs and the clerk granted them before Mr. Chudnovsky filed his notice of appeal.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.